# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMIEN T. GREEN,

    Plaintiff,

v.                                                  Case No. 11-CV-73

MILWAUKEE POLICE DEPARTMENT,
JANE DOES, 1-12, JOHN DOES, 1-12,
JOE GROCE, OFFICER RICHARD LITWIN,
EDWARD FLYNN, SCOTT IVERSON,
EDWIN JOHNSON, CHIOS ANTHONY,
TRACY BECKER, YVETTE BENITEZ, DARREN OLSON,
and SQUAD 3190 AND MEMBERS OF MPD,

    Defendants.

---

### ORDER STRIKING AMENDED COMPLAINT (DOC. #18), DISMISSING DEFENDANT MILWAUKEE POLICE DEPARTMENT, AND DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT ON OR BEFORE AUGUST 1, 2011

        This matter is before the court to screen plaintiff's amended complaint, filed May 12, 2011. *See* 28 U.S.C. § 1915A. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129

S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also, Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff contends that on February 23, 2008, defendant Richard Litwin, Officer Steve Strasser (not a defendant), and other officers stopped him and his brother as they were about to get into a vehicle. The officers told them they fit the description of

robbery suspects, handcuffed them, and searched the vehicle without a warrant, in violation of the Fourth Amendment. Plaintiff was transported to the Milwaukee County Jail and he alleges that defendants Tracy Becker and Joe Groce "harassed" him during an interview contrary to his due process rights. Plaintiff also charges that he was subject to unlawful conditions of confinement and was provided inadequate medical care at the Milwaukee County Jail. He seeks declaratory and injunctive relief as well as monetary damages.

As an initial matter, plaintiff has named Milwaukee Police Department as a defendant. However, a police department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). Consequently, plaintiff may not proceed against the Milwaukee Police Department.

The amended complaint is an improvement over the original complaint because it consists of only one filing. However, the amended complaint contains the same problem in that it seeks to proceed on unrelated claims.

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule,

"multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

In *George* district courts were reminded that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as other cases. 507 F.3d at 607. Joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. Specifically, it does not appear that plaintiff's Fourth Amendment claim relates to his conditions of confinement claim. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the court will provide plaintiff with one more opportunity to get things right. Accordingly, he will be allowed to file a second amended complaint incorporating only properly related claims. Any unrelated claim must be brought in a separate action. Any second amended complaint will become the operative complaint which will be screened in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citation omitted). Moreover, supervisory liability does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d

4

871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in a second amended complaint, plaintiff must identify the individual defendants and the manner in which each defendant's actions, or failure to take action, violated his constitutional rights. Therefore,

**IT IS ORDERED** that defendant Milwaukee Police Department is **DISMISSED.**

**IT IS FURTHER ORDERED** that the amended complaint filed May 12, 2011 is hereby stricken.

**IT IS FURTHER ORDERED** that plaintiff may file a second amended complaint containing only related claims, on or before **August 1, 2011**.

**IT IS FURTHER ORDERED** that failure of the plaintiff to file a second amended complaint that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure by August 1, 2011, as directed will result in dismissal of this case for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge